**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br>Plaintiff,<br>v.<br>SAGEMCOM BROADBAND SAS,<br>Defendant. | **CASE NO. 2:25-CV-00379-RWS-RSP**<br>**JURY TRIAL DEMANDED** |

**DEFENDANT SAGEMCOM BROADBAND SAS'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Sagemcom Broadband SAS ("Sagemcom" or "Defendant"), hereby responds to Plaintiff Entropic Communications, LLC's ("Entropic's" or "Plaintiff's") Complaint for Patent Infringement ("Complaint"), as follows:

**RESPONSE TO INTRODUCTORY ALLEGATIONS**

1. Sagemcom admits that Plaintiff purports to assert United States Patent Nos. 8,223,775 (the "'775 patent"), 8,792,008 (the "'008 patent"), 9,825,826 (the "'826 patent"), 11,381,866 (the "'866 patent"), 11,399,206 (the "'206 patent"), and 11,785,275 (the "'275 patent"). Sagemcom admits that these patents appear to be attached to the Complaint as Exhibits A through F. Sagemcom denies the remaining allegations in this paragraph.

2. Denied.

3. Sagemcom admits that it researches, designs, and develops modems and set-top boxes and that its United States subsidiary sells or has sold certain of these products to customers in the United States. Sagemcom denies the remaining allegations of this paragraph.

4. Sagemcom denies that it supplies Comcast Corporation ("Comcast") with any

accused product in this case. Sagemcom admits that, according to public records, Entropic previously filed a lawsuit against Comcast, *Entropic Communications LLC v. Comcast Corporation, et al.*, C.D. Cal., Case No. 2:23-cv-01050-JWH-KES (C.D. Cal.), and that Entropic purports to seek monetary damages against Comcast. Sagemcom denies that it has any interest or involvement in that litigation and also denies the remaining allegations of this paragraph.

5. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

6. Denied.

## NATURE OF THE ACTION

7. Sagemcom admits that Plaintiff purports to bring an action for patent infringement under 35 U.S.C. §§ 271, 281 *et seq.* To the extent this paragraph contains any allegations against Sagemcom, Sagemcom denies them.

## THE PARTIES

8. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

9. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

10. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

11. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

12. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

13. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

14. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

15. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

16. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

17. Sagemcom is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

18. To the extent that the allegations of this paragraph can be read to suggest that the Entropic plaintiff here has any corporate relationship or affiliation with either the original Entropic entity or MaxLinear, Sagemcom denies any such allegation. Sagemcom is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

19. Admitted.

20. Denied.

## JURISDICTION

21. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom admits that Plaintiff purports to bring an action under the laws of the United States, the federal patent laws codified at 35 U.S.C. §§ 271 and 281 *et seq.*, and that this Court has subject matter jurisdiction over patent claims generally. Sagemcom denies that there is subject matter jurisdiction in this case, since Sagemcom does not make, use, sell, offer to sell, or import accused products into the United States.

22. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies that it has sufficient minimum contacts with this District and denies the remaining allegations of this paragraph.

23. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the allegations of this paragraph.

24. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the allegations of this paragraph.

25. Sagemcom admits that it creates English user manuals for its products. Sagemcom denies the remaining allegations of this paragraph.

26. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the allegations of this paragraph.

27. Denied.

28. Sagemcom admits that its DGCI384 gateway is compatible with the American electrical grid. Sagemcom denies the remaining allegations of this paragraph.

29. Sagemcom admits that it or its affiliates applied for and obtained United States Federal Communications Commission certifications for the DGCI384 products. Sagemcom denies the remaining allegations of this paragraph.

30. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the allegations of this paragraph.

## VENUE

31. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom admits that it is not a resident of the United States and may be sued in any district in which it is subject to personal jurisdiction.

32. Sagemcom denies that this venue is convenient.

33. Sagemcom admits that, according to public records, Entropic filed a patent infringement action against Charter Communications, Inc. ("Charter") on April 27, 2022, *Entropic Communications, LLC v. Charter Communications, Inc.*, Case No. 2:22-cv-00125-JRG. Sagemcom admits that Entropic alleged that Charter's products and services infringed the '775, '008, and '826 patents. Sagemcom admits that Entropic alleged that Charter's products and services infringed U.S. Patent No. 9,210,362 and that this patent is in the same patent family as the '866, '206, and '275 patents. Sagemcom denies that it has or had any interest or involvement in that litigation and also denies the remaining allegations of this paragraph.

34. Sagemcom admits that, according to public records, this Court conducted a *Markman* hearing, issued a *Markman* order, and addressed Daubert and summary judgment motions in the 2022 *Charter* litigation. Sagemcom is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

35. Sagemcom admits that Entropic filed another patent infringement action against Charter on February 10, 2023, *Entropic Communications, LLC v. Charter Communications, Inc.*, Case No. 2:23-cv-00052-JRG. Sagemcom admits that Entropic alleged that Charter's products and services infringed the '866, '206, and '275 patents. Sagemcom admits that this case settled before this Court had conducted Markman or engaged in any other meaningful activities relating to the asserted patents. Sagemcom denies that it has or had any interest or involvement in that litigation and also denies the remaining allegations of this paragraph.

**<u>SAGEMCOM'S RESPONSE TO "FACTUAL ALLEGATIONS"</u>**

36. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the allegations of this paragraph.

## SAGEMCOM'S RESPONSE TO ALLEGATIONS REGARDING THE ACCUSED PRODUCTS

37. Sagemcom admits that its products include cable modems, gateways, and television set-top boxes. The remaining portions of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Sagemcom denies the remaining allegations of this paragraph.

38. Sagemcom admits that Entropic purports to accuse the DGCI384 product of patent infringement. Sagemcom denies the remaining allegations of this paragraph.

39. Sagemcom admits that Entropic purports to accuse the DGCI384 product of patent infringement. Sagemcom denies the remaining allegations of this paragraph.

## SAGEMCOM'S RESPONSE TO ALLEGATIONS REGARDING SAGEMCOM AND ITS SUBSIDIARIES AND AFFILIATES

40. Denied.

41. Denied.

42. Sagemcom admits that Sagemcom USA, LLC ("Sagemcom USA") is a limited liability company registered in Delaware and is a wholly-owned subsidiary of Sagemcom. Sagemcom admits that Sagemcom USA has a place of business in the Northern District of Texas at 1301 West President George Bush Highway, Suite 330, Richardson, Texas 75080.

43. Sagemcom admits that its website (www.sagemcom.com) contains a subpage called "Group." Sagemcom admits that its "About Us" page describes itself as a "French industrial group" with more than 6,500 employees in more than 50 countries. Sagemcom admits that the listed number of employees includes employees of Sagemcom's worldwide subsidiaries. Sagemcom denies the remaining allegations of this paragraph.

44. Admitted.

45. Admitted.

46. Sagemcom admits that its website states that the Sagemcom group "achieved a turnover of €2.3 billion in 2022." Sagemcom denies the remaining allegations of this paragraph.

47. Sagemcom admits a limited number of its officers, directors, and/or executives also serve as officers, directors, and/or executives for Sagemcom USA. Sagemcom denies the remaining allegations of paragraph 47.

48. Paragraph 48 refers to "Sagemcom SAS." Sagemcom assumes that was a typographical error and will interpret that reference to be a reference to the named defendant in this case, Sagemcom Broadband SAS. Sagemcom admits that Mr. Sevian is the President and CEO of Sagemcom Broadcom SAS. Sagemcom admits that the cited website describes Mr. Sevina as the President of the "Sagemcom Group," but denies that this website accurately describes his role. Sagemcom denies the allegations regarding Mr. Selmani. Sagemcom denies any remaining allegations of paragraph 49.

49. Sagemcom admits that the cited website invites applicants to "join Sagemcom." Sagemcom admits that Sagemcom USA hires its own employees in the United States. Sagemcom denies any remaining allegations of paragraph 49.

50. Sagemcom admits that it provides its certain employees with the opportunity to travel to various regions for various purposes. Sagemcom denies the remaining allegations of this paragraph.

**SAGEMCOM RESPONSE TO ALLEGATIONS REGARDING "EXEMPLARY ACTS OF DIRECT INFRINGEMENT BY SAGEMCOM"**

51. Denied.

**SAGEMCOM RESPONSE TO ALLEGATIONS REGARDING "EXEMPLARY ACTS OF INDIRECT INFRINGEMENT BY SAGEMCOM"**

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Sagemcom admits that it creates English user guides for its products. Sagemcom denies the remaining allegations of this paragraph.

58. Denied.

59. Denied.

## SAGEMCOM'S RESPONSE TO ALLEGATIONS REGARDING "KNOWLEDGE OF THE PATENTS-IN-SUIT"

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT I: ALLEGED INFRINGEMENT OF THE '775 PATENT

66. Sagemcom incorporates its responses to paragraphs 1 through 65 as if fully restated herein.

67. Sagemcom admits that Exhibit A appears to be a copy of the '775 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph 67.

68. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

69. Sagemcom admits that the '775 patent speaks for itself. Sagemcom denies any

other allegations of this paragraph.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT II: ALLEGED INFRINGEMENT OF THE ’008 PATENT

81. Sagemcom incorporates its responses to paragraphs 1 through 80 as if fully restated herein.

82. Sagemcom admits that Exhibit B appears to be a copy of the ’008 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph 82.

83. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

84. Sagemcom admits that Exhibit B speaks for itself. Sagemcom denies any other allegations of this paragraph.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**COUNT III: ALLEGED INFRINGEMENT OF THE '826 PATENT**

96. Sagemcom incorporates its responses to paragraphs 1 through 95 as if fully restated herein.

97. Sagemcom admits that Exhibit C appears to be a copy of the '826 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph 97.

98. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

99. Sagemcom admits that Exhibit C speaks for itself. Sagemcom denies any other allegations of this paragraph.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

**COUNT IV: ALLEGED INFRINGEMENT OF THE ’866 PATENT**

111. Sagemcom incorporates its responses to paragraphs 1 through 110 as if fully restated herein.

112. Sagemcom admits Exhibit D appears to be a copy of the ’866 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph 112.

113. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

114. Sagemcom admits that Exhibit D speaks for itself. Sagemcom denies any other allegations of this paragraph.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT V: ALLEGED INFRINGEMENT OF THE '206 PATENT

127. Sagemcom incorporates its responses to paragraphs 1 through 126 as if fully restated herein.

128. Sagemcom admits Exhibit E appears to be a copy of the '206 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph.

129. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

130. Sagemcom admits that Exhibit E speaks for itself. Sagemcom denies any other allegations of this paragraph.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT VI: ALLEGED INFRINGEMENT OF THE '275 PATENT

143. Sagemcom incorporates its responses to paragraphs 1 through 142 as if fully restated herein.

144. Sagemcom admits that Exhibit F appears to be a copy of the '275 patent. Sagemcom admits that document speaks for itself. Except as expressly admitted, Sagemcom denies the remaining allegations of paragraph.

145. Sagemcom is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

146. Sagemcom admits that Exhibit F speaks for itself. Sagemcom denies any other allegations of this paragraph.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## JURY DEMAND

Sagemcom requests a trial by jury on all issues so triable.

## RESPONSE TO ENTROPIC'S PRAYER FOR RELIEF

Sagemcom denies that Plaintiff is entitled to any relief set forth in its "Prayer for Relief" or any other relief. To the contrary, Sagemcom is entitled to relief, including its attorneys fees and costs.

## SAGEMCOM'S AFFIRMATIVE DEFENSES

Sagemcom hereby asserts the following defenses, without assuming the burden of proof where such burden lies with Plaintiff. Sagemcom reserves the right to assert additional defenses as warranted by facts learned through investigation and discovery in this case.

### FIRST AFFIRMATIVE DEFENSE:
### Failure to State a Claim

Plaintiff's Complaint contains only conclusory allegations and fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE:
### Lack of Subject Matter Jurisdiction

Sagemcom does not make, use, sell, offer to sell, or import the accused products into the United States, so this Court lacks subject matter jurisdiction over this dispute.

**THIRD AFFIRMATIVE DEFENSE:**
**Improper Service**

Plaintiff has failed to comply with the requirements of the Hague Convention to properly serve Sagemcom, a French company, in this action.

**FOURTH AFFIRMATIVE DEFENSE:**
**Noninfringement**

Sagemcom does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of any of the asserted patents under any theory of infringement, including literal infringement or infringement under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE:**
**Invalidity**

The asserted claims of the asserted patents patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

**SIXTH AFFIRMATIVE DEFENSE:**
**Lack of Standing or Failure to Join a Necessary Party**

To the extent that Entropic was not the sole and total owner of all substantial rights in the asserted patents as of the filing date of the Complaint, Entropic lacks standing to bring one or more claims in this lawsuit.

**SEVENTH AFFIRMATIVE DEFENSE:**
**Prosecution History Estoppel**

159. Due to the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the asserted patents, Plaintiff is estopped from maintaining that any claim of the asserted patents covers any accused products.

### EIGHTH AFFIRMATIVE DEFENSE:
### Limitations on Damages

Plaintiff's claims for relief are barred, in whole or in part, by operation of applicable statutes that limit damages and relief, including but not limited to, 35 U.S.C. §§ 286, 287, and 288.

### NINTH AFFIRMATIVE DEFENSE:
### No Exceptional Case

Sagemcom's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

### TENTH AFFIRMATIVE DEFENSE:
### No Intent to Induce

Sagemcom has never possessed, and does not possess, any specific intent to induce infringement of the asserted patent.

### ELEVENTH AFFIRMATIVE DEFENSE:
### Express or Implied License

Plaintiff's claims for relief are barred, in whole or in part, to the extent that any allegedly infringing systems, products, or components thereof are supplied (directly or indirectly) to Sagemcom by any entity or entities having express or implied licenses to the asserted patents.

### TWELFTH AFFIRMATIVE DEFENSE:
### Patent Exhaustion

Plaintiff's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion.

### THIRTEENTH AFFIRMATIVE DEFENSE:
### Equitable Doctrines

Plaintiff's claims for relief are barred by the equitable doctrines of waiver, laches, estoppel, acquiescence, and/or unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE:**
**Failure to Mark**

Plaintiff and/or former patent owners and/or their licensees have failed to comply with the marking requirements of 35 U.S.C. § 287 or otherwise give proper notice that Sagemcom's actions allegedly infringed any claim of the asserted patents. Because Plaintiff has not complied with the notice and/or marking requirements of 35 U.S.C. § 287, Plaintiff is not entitled to damages or any other remedy under 35 U.S.C. §§ 284 or 285 for each asserted patent prior to providing Sagemcom actual notice of its alleged infringement such asserted patent.

**FIFTEENTH AFFIRMATIVE DEFENSE:**
**Double-Patenting**

The claims of the asserted patents are invalid for obviousness-type double patenting, including under judicial obviousness-type double patenting jurisprudence. The claims of the asserted patents are not patentably distinct from, and are in fact obvious variations of, the claims of earlier or related patents.

Dated: August 21, 2025

Respectfully submitted,

*/s/ Amanda Tessar*
Amanda Tessar, Bar No. 33173
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255

**ATTORNEYS FOR DEFENDANT SAGEMCOM BROADBAND SAS.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served August 21, 2025 to all counsel of record, via the Court's CM/ECF system.

*/s/ Amanada Tessar*
Amanda Tessar